# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TIA EFE IDEHEN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-0266 |
| | ) | CHIEF JUDGE CRENSHAW |
| METRO DEPARTMENT OF LAW, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court previously entered an Order (Doc. No. 4) directing Plaintiff to either to pay the filing fee or to submit a properly completed Application to Proceed in District Court Without Prepaying Fees or Costs and to amend her Complaint to more completely describe her cause of action. In response to that Order, Plaintiff has filed an amended *in forma pauperis* application (Doc. No. 6) and a document she characterizes as a Motion to Pay in Installments (Doc. No. 6).

For good cause shown, the application to proceed as a pauper (Doc. No. 6) will be granted. Because Plaintiff proceeds *in forma pauperi*s, the Court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I.  Initial Review Screening Standards

The Court is statutorily required to conduct an initial review of the complaint of a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-

prisoners as well as to those filed by prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

Generally, an *in forma pauperis* complaint will be permitted to proceed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Conversely, the action must be dismissed as frivolous when it is "based on an indisputably meritless legal theory" or when the "factual contentions [on which it relies] are clearly baseless." Anson v. Corr. Corp. of Am., 529 F. App'x 558, 559 (6th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Thus, when a complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (citing Neitzke, 490 U.S. at 327–28). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. Hill, 630 F.3d at 470 (citing Neitzke, 490 U.S. at 328–29).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted). Cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the

courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II.    Review of the Complaint

In the Court's previous Order, Plaintiff was directed to submit an Amended Complaint within 21 days of her receipt of that Order. The Court noted that the initial Complaint was deficient because, among other reasons, it simply listed a number of Constitutional amendments and federal statutes Plaintiff believes have been violated, but Plaintiff did not identify any of the defendants or included a statement of facts identifying in what way any of the defendants have violated her federal constitutional or statutory rights.

Instead of filing an Amended Complaint, Plaintiff has filed the Motion to Pay in Installments, which appears not to be a request to pay the filing fee in installments but, instead, a demand that she be paid damages in installments. Insofar as this document reflects an effort by Plaintiff to explain her claims in greater detail, the Court construes it as an attempt to comply with the requirement that she amend the Complaint.

In this document, Plaintiff demands $300,000,000 in damages arising from her "genetic hate crime suit." (Doc. No. 5 at 1.) She alleges that Defendants Metro Department of Law, Progressive, Inc., the Davidson County Sheriff's Department, Universal Health Services, and Beck and Arnley World Parts have used the U.S. Postal Service and logistic systems to "implement[] and or allow[] criminal identify theft as well as falsification of document and using chemical duress to oppress a neighborhood in multiple demographic [sic]." (Id.) The motion continues in that vein for several additional pages. Appended to the motion are: (1) a notice that states, "This is just a motion for payment and or settlement" (id. at 7); and (2) a set of

interrogatory questions Plaintiff apparently intended to serve upon Progressive Inc. (Doc. No. 5-1.)

The Court finds that the allegations in the new filing, like those in the original Complaint, are clearly fanciful, baseless, and delusional. In addition, Plaintiff's new filing still fails to allege specific facts showing that any of the named defendants actually violated Plaintiff's constitutional or other rights. In short, even read collectively, Plaintiff's filings fail to "state a claim to relief that is plausible on its face." Hill, 630 F.3d at 470. This action is subject to dismissal on that basis.

### III. Conclusion

The *in forma pauperis* application will be granted, but this action will be dismissed as frivolous and for failure to state a claim for which relief may be granted. All pending motions will be denied as moot.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE